**CIV - GRAHAM**



1  ROSENDO GONZALEZ (State Bar No. 137352)
LAZARO E. FERNANDEZ (FL State Bar No. 938157)
2  GONZALEZ & FERNANDEZ
A Limited Liability Partnership
3  445 South Figueroa Street, 26th Floor
Los Angeles, CA 90071-1630
4  (213) 612-7740

5  Attorneys for Antonio Fernandez
and Maria Carmen Del Pino,
6  Defendants

7

**97   1938**

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF FLORIDA

10             MIAMI DIVISION

11

12  BEATRIZ CALDIROLA,                Case No.
an individual for and on behalf
13  of HEMISPHONO INCORPORATED, a     NOTICE OF REMOVAL
Florida corporation,               FROM THE CIRCUIT COURT OF THE
14                                   11th JUDICIAL CIRCUIT IN AND FOR
            Plaintiff,               DADE COUNTY, FLORIDA
15
v.                                 [NO HEARING REQUIRED]
16

17  ANTONIO FERNANDEZ and
MARIA DEL CARMEN PINO,
18
            Defendants.

19  TO THE UNITED STATES DISTRICT COURT, PLAINTIFFS BEATRIZ CALDIROLA,

20  HEMISPHONO INCORPORATED AND THEIR ATTORNEYS OF RECORD:

21

22     Defendants  Antonio  Fernandez  and  Maria  Del  Carmen  Pino

23  (collectively "the Defendants") hereby file this Notice of Removal of

24  the above-described action to the United States District Court for the

25  Southern District of Florida, Miami Division from the Circuit Court

26  for the 11th Judicial Circuit In and For Dade County, Florida where

27  the action is now pending as provided by Title 28, U. S. Code, Chapter

28  89, and state:

1  ROSENDO GONZALEZ (State Bar No. 137352)
   LAZARO E. FERNANDEZ (FL State Bar No. 938157)
2  GONZALEZ & FERNANDEZ
   A Limited Liability Partnership
3  445 South Figueroa Street, 26th Floor
   Los Angeles, CA 90071-1630
4  (213) 612-7740

5  Attorneys for Antonio Fernandez
   and Maria Carmen Del Pino,
6  Defendants

7

8                    IN THE CIRCUIT COURT FOR THE 11th

9           JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

                       GENERAL JURISDICTION DIVISION
10

11

12  BEATRIZ CALDIROLA,                    Case No. 97 8906 CA 20
    an individual for and on behalf
13  of HEMISPHONO INCORPORATED, a         NOTICE OF REMOVAL
    Florida corporation,                  FROM THE CIRCUIT COURT OF THE
14                                         11th JUDICIAL CIRCUIT IN AND FOR
                       Plaintiff,          DADE COUNTY, FLORIDA
15
    v.                                     [NO HEARING REQUIRED]
16
    ANTONIO FERNANDEZ and
17  MARIA DEL CARMEN PINO,

18                     Defendants.

19  TO THE UNITED STATES DISTRICT COURT, PLAINTIFFS BEATRIZ CALDIROLA,

20  HEMISPHONO INCORPORATED AND THEIR ATTORNEYS OF RECORD:

21

22       Defendants   Antonio   Fernandez   and   Maria   Del   Carmen   Pino

23  (collectively "the Defendants") hereby file this Notice of Removal of

24  the above-described action to the United States District Court for the

25  Southern District of Florida, Miami Division from the Circuit Court

26  for the 11th Judicial Circuit In and For Dade County, Florida where

27  the action is now pending as provided by Title 28, U. S. Code, Chapter

28  89, and state:



1.   Antonio Fernandez and Maria Carmen Del Pino are the defendants in the above-entitled action.

2.   The above-entitled action was commenced in the Circuit Court for the 11th Judicial Circuit In and For Dade County, Florida and is now pending in that court. Process was served on the Defendants on or about May 24, 1997. A copy of the plaintiff's complaint setting forth the claim for relief upon which the action is based was received by the Defendants on May 24, 1997.

3.   The action is a civil action for breach of fiduciary duty and specific performance, and the United States District Court of the Southern District of Florida has jurisdiction by reason of the diversity of citizenship of the parties.

4.   Plaintiff is now and at the time that the state court action was commenced a citizen of the State of Florida, and defendants are now and at the time the state court action was commenced were citizens of the State of California. The amount in controversy exceeds, exclusive of costs and disbursements, the sum or value of seventy-five thousand dollars ($75,000.00). No change of citizenship of the parties has occurred since the commencement of the action. Defendants are not citizens of the state in which the action was brought.

5.   A copy of all process, pleadings and orders served upon defendants are filed with this notice and are incorporated herein as Exhibit "1."

6.   Defendants will give written notice of the filing of this notice as required by 28 U.S.C. section 1446(d).

7.   A copy of this notice will be filed with the clerk of the Circuit Court of the 11th Judicial Circuit In and For Dade County, Florida as required by 28 U.S.C. section 1446(d).

1    WHEREFORE, the Defendants respectfully request that this action

2  proceed in this Court as an action removed to it.

3

4  Dated:                                    GONZALEZ & FERNANDEZ,
                                             A LIMITED LIABILITY PARTNERSHIP,
5

6                                            Lazaro E. Fernandez
                                             Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.      97      8906   CA 20

Florida Bar No. 613843

BEATRIZ CALDIROLA,
an individual for and on behalf
of HEMISPHONO INCORPORATED,
a Florida corporation,

     Plaintiff,

vs.

ANTONIO FERNANDEZ and
MARIA DEL CARMEN PINO,

     Defendants.

_____/

<u>CIVIL ACTION SUMMONS</u>

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this action on Defendant:

ANTONIO FERNANDEZ
10411 Mattlock Avenue
Downey, California 90241

     Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit:

whose address is:

Juan J. Rodriguez, Esq.
Mesa, Rodriguez & Machado, P.A.
1000 Brickell Avenue, Suite 660
Miami, Florida 33131
(305) 377-1000

1

*Ex. 1, pg. 1 of 28*

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file an original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on ~~APR 2 2 1997~~, 1997.

as Clerk of said Court

By: _____
As Deputy Clerk

(Court Seal)

2

Ex. 2. pg 2 of 28

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR DADE
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

Florida Bar No. 613843

BEATRIZ M. CALDIROLA,
an individual for and on behalf
of HEMISPHONO INCORPORATED,
a Florida corporation,

       Plaintiff,

vs.

ANTONIO FERNANDEZ, and
MARIA DEL CARMEN PINO,

       Defendants.

_____/

## VERIFIED COMPLAINT

Plaintiff, BEATRIZ M. CALDIROLA ("Caldirola"), for and on behalf of HEMISPHONO INCORPORATED, ("Hemisphono") sues Defendants ANTONIO FERNANDEZ ("Fernandez") and MARIA DEL CARMEN PINO ("Pino") and alleges:

    1.    Plaintiff Caldirola is an adult resident of Dade County, Florida and a fifty percent (50%) shareholder of Hemisphono Incorporated. Caldirola is also a director of Hemisphono Incorporated.

    2.    Hemisphono Incorporated ("Hemisphono") is a duly organized corporation pursuant to the laws of the State of Florida with its principal place of business in Miami, Dade County, Florida.

1

Ex. 1, pg 3 of 28

3.   Defendant Fernandez is an adult resident of Downey, California and the beneficial owner of fifty percent (50%) of the shares of Hemisphono, which shares are legally titled in the name of Defendant Pino.

4.   Defendant Maria Del Carmen Pino is an adult resident of Downey, California, and the legal owner of fifty (50%) percent of the shares of Hemisphono, which shares are beneficially owned by Defendant Fernandez.

5.   All conditions precedent to the relief demanded have been performed, have occurred or have otherwise been waived or excused.

6.   Plaintiff Caldirola has retained the undersigned counsel as her attorneys in this cause and has agreed to pay them a reasonable fee for their services.

## COUNT I
## BREACH OF FIDUCIARY DUTY

7.   Plaintiff Caldirola realleges paragraphs 1 through 6 above as if fully set forth herein.

8.   This is a shareholder derivative suit pursuant to Section 607.07401, Florida Statutes (1995), for damages exceeding $15,000.00 exclusive of costs, interest and reasonable attorneys' fees.

9.   Plaintiff Caldirola at all times material to this Complaint has been a fifty (50%) percent shareholder of Hemisphono.  Caldirola, in fact, has continuously held such shares in Hemisphono from inception through the present date.  Caldirola thus was a shareholder in Hemisphono during the transactions more fully alleged herein.

10.   On or about January 19th, 1995, Plaintiff Caldirola, Defendant Fernandez and Hemisphono entered into an Agreement Among Shareholders of Hemisphono Incorporated, a true and correct copy of which is annexed hereto as Exhibit A.  At or near the same time, the shareholders

2

*Ex.1 pg. 4 of 28*

of Hemisphono entered into a Voting Agreement which is annexed hereto as Exhibit B. Among its provisions, the Voting Agreement provides that each shareholder agrees to vote all of their shares for the election of each other as directors of the company.

11.   Subsequently, on or about August 23, 1995, the shareholders of Hemisphono entered into an Agreement Among Shareholders of Hemisphono Incorporated Regarding the Transfer of Shares to Maria Del Carmen Pino, a true and correct copy of which is annexed hereto as Exhibit C. In general, this Agreement provides for the transfer of the shares from Defendant Fernandez to Defendant Pino even though the shares continued to be beneficially owned by Defendant Fernandez by virtue of a Power of Attorney, Option to Purchase Stock and Proxy, all of which are annexed to Exhibit C. Essentially, Defendant Pino is the mere nominee holder of the shares of Defendant, Fernandez.

12.   On April 13, 1997, Defendant Fernandez resigned as one of the directors and officers of Hemisphono, which resignation has been accepted by Hemisphono. The corporation's Board of Directors has since duly filled the vacancy on the Board according to Florida law. During the time that he acted in the capacity as an officer and director, Defendant Fernandez owed the corporation a fiduciary duty to act in good faith and in the best interests of the corporation.

13.   Defendant Fernandez, however, breached his fiduciary duties to the corporation during his tenure as officer and director. In particular, and among other things, during the period of time between February 19 and February 22, 1997 Defendant Fernandez purchased 50 airline tickets on the corporation's credit card totaling approximately $18,000.00, which purchases were completely unauthorized and without a legitimate corporate purpose.

14.   Additionally, Defendant Fernandez has breached his fiduciary duties by disseminating

3

*Ex.1, pg. 5 of 28*

derogatory information about Hemisphono to the company's sales representative and distributors. In particular, Defendant Fernandez has disclosed to Hemisphono's clients the existence of an internal corporate dispute between the corporation's shareholders, which information is confidential and not in the best interest of the corporation to disclose to its clients. As a result of such negative publicity impugning the viability of the corporation, sales to several distributors have declined and returns from various distributors have increased, all to the company's detriment.

15. As a result of the above breaches, the corporation has been damaged, the full extent of which will be proven at trial. No demand has been made upon the Board of Directors to bring this action in that such a demand would be futile given the fact that the Voting Agreement requires each shareholder to nominate Plaintiff Caldirola and Defendant Fernandez as Directors of the company and thus any shareholder meeting for the election of new directors will result in a deadlock.

WHEREFORE, Plaintiff Beatriz M. Caldirola, for and on behalf of Hemisphono Incorporated demands a Final Judgment against Defendant Antonio Fernandez for compensatory damages, prejudgment interest, costs, reasonable attorneys' fees and such further relief this Court deems just and proper.

## COUNT II
## SPECIFIC PERFORMANCE

16. Plaintiff Caldirola realleges paragraphs 1 through 6, 10, 11 and 12 above as if fully set forth herein.

17. Pursuant to the Option to Purchase Stock, Defendant Pino agreed to sell and convey to Hemisphono the shares held by her for the benefit of Defendant Fernandez upon his resignation as an officer and director of the company. Defendant Fernandez resigned April 13, 1997.

4

Ex. 1, P. 6 9 28

19.   No adequate remedy at law exists and Plaintiff Caldirola for and on behalf of Hemisphono, is entitled to equitable relief.

WHEREFORE, Plaintiff Beatriz M. Caldirola, for and on behalf of Hemisphono Incorporated demands a Final Judgment against Defendant Maria Del Carmen Pino specifically enforcing the Option to Purchase Stock referenced above pursuant to its terms with such further legal or equitable relief the Court deems just and proper.

## VERIFICATION

Under penalties of perjury and pursuant to §92.525, Florida Statutes, Plaintiff Caldirola declares that the facts stated above are true and correct upon personal knowledge.

_____
Beatriz M. Caldirola

MESA, RODRIGUEZ & MACHADO, P.A.
Attorneys for Plaintiff
The 1000 Brickell Building
1000 Brickell Avenue, Suite 660
Miami, Florida 33131
Telephone: (305) 377-1000
Telefax: (305) 377-1055


By:_____
       Juan J. Rodriguez, Esq.

Ex. 1 p. 7 of 28

18.     Hemisphono, as the optionee under the Option to Purchase Stock hereby exercises and accepts the option pursuant to its terms. The Agreement, furthermore, provides for specific performance of the corporation's right to purchase shares pursuant to this Option.

19.     No adequate remedy at law exists and Plaintiff Caldirola, for and on behalf of Hemisphono, is entitled to equitable relief.

WHEREFORE, Plaintiff Beatriz M. Caldirola, for and on behalf of Hemisphono Incorporated, demands a Final Judgment against Defendant Maria Del Carmen Pino specifically enforcing the Option to Purchase Stock referenced above pursuant to its terms with such further legal or equitable relief the Court deems just and proper.

## VERIFICATION

Under penalties of perjury and pursuant to §92.525, Florida Statutes, Plaintiff Caldirola declares that the facts stated in the foregoing Verified Complaint are true and correct upon her own personal knowledge.

_____
Beatriz M. Caldirola

DATED this 24 day of April, 1997.

MESA, RODRIGUEZ & MACHADO, P.A.
Attorneys for Plaintiff
The 1000 Brickell Building
1000 Brickell Avenue, Suite 660
Miami, Florida 33131
Telephone: (305) 377-1000
Telefax: (305) 377-1055

By: _____
Juan J. Rodriguez, Esq.

5

# AGREEMENT AMONG SHAREHOLDERS OF
## HEMISPHONO INCORPORATED

This Agreement made and entered into as of the 19th day of January, 1995, between and among HEMISPHONO INCORPORATED, a Florida Corporation having its principal place of business in Miami, Florida (hereinafter "Corporation") and each of the shareholders of the Corporation and each of the shareholders of the Corporation who are signatories to this Agreement as a Shareholder (hereinafter referred to individually as "Shareholder" and collectively as "Shareholders").

## WITNESSETH

WHEREAS, the Corporation and the Shareholders have acknowledged that no market exists for the sale of the Corporation's capital stock (hereinafter the "Shares") for the reason that the Shares are unregistered and their transfer is restricted, and

WHEREAS, the Corporation and the Shareholders wish to establish a market for the Shares upon the occurrence of certain events hereinafter set forth; and

WHEREAS, the Corporation and the Shareholders believe that is in their best interests to provide for continuity and harmony in the Corporation's affairs, and believe this can be accomplished by imposing certain restrictions upon the transfer of the Shares.

NOW THEREFORE, in consideration of their mutual promises and agreements herein contained, and for good and valuable consideration, including the establishment of a market for the Shares, the receipt and sufficiency of which is hereby acknowledged, and the corporate and personal benefits derived and to be derived by each party pursuant to this Agreement, the parties hereby mutually agree and bind themselves, their successors, estates, executors, administrators, heirs and assigns as follows:

1. <u>Recitals</u>. The Corporation and the Shareholders hereby acknowledge that the above recitals are true and correct and accordingly incorporate them into this Agreement.

2. <u>Restrictions</u>. As long as this Agreement is in effect, no Shareholder, and no spouse of a Shareholder, may sell, give, encumber, transfer or in any other way alienate any of the Shares, or any interest therein, whether now owned or hereinafter acquired, except as provided in this Agreement. Any purported transfer of Shares or an interest therein in violation of this Agreement shall be void and ineffectual, shall not operate to transfer any interest or title in the purported transferee, and shall vest in the Corporation and the other Shareholders the rights and obligations to purchase the Shareholders the rights and obligations to purchase the Shares as hereinafter set forth.

Ex.1, p.9 9/28

3.  <u>Right of First Refusal</u>.  In the event a shareholder receives a bona fide offer for the purchase of all or a portion of his Shares, or any rights or interests therein, such Shareholder (hereinafter referred to as the "Offering Shareholder") shall give written notice (the "Notice") by certified mail, return receipt requested to the President of the Corporation at the office of the Corporation, setting forth the name of the proposed transferee, the number of the shares to be transferred, the price per Share and all other terms and conditions of the proposed transfer.  The President of the Corporation shall have copies of such Notice mailed forthwith to the other Shareholders .  Any change of prospective purchaser, or to the price, number of Shares or other terms of the proposed sale shall require a new Notice, and the time periods set forth herein shall begin to run from the time such new Notice is given.  The Shares which are the subject of the proposed sale are hereinafter called the "Offered Shares".  Upon the giving of the Notice, the Corporation and the other Shareholders shall have the following rights with respect to the Offered Shares:

    a)  On receipt of the Notice with respect to such offer, the Corporation shall have the exclusive right and option ("Option"), exercisable at any time during a period of 30 days from its receipt of the Notice to purchase all of the offered Shares at the same price and on the same terms and conditions of the offer as set out in the Notice.  If the Corporation elects to exercise its Option, it shall so notify the Offering Shareholder in writing prior to the expiration of the 30 day period stated above, and the sale and purchase of the offered Shares shall be closed within 30 days thereafter.

    b)  If the Corporation does not elect to exercise its Option to purchase all of the offered Shares, it shall, prior to the expiration of the 30 day period stated above, so notify all Shareholders by certified mail return receipt requested and each of the Shareholders by certified mail return receipt requested and each of the Shareholders who is neither the Offering Shareholder nor the prospective purchaser shall be entitled, during the period of 30 days from the date of mailing of said Notice by the Corporation, to purchase that portion of the Offered Shares that the number of Shares held by him bears to the number of Shares held by all Shareholders electing to purchase the offered Shares, on the same terms and conditions as set out in the Notice.

    c)  If the other Shareholders desire to purchase all of the Offered Shares, the President shall give written notification to this effect to the Offering Shareholder and said sales and purchases shall be closed within 30 days thereafter.  However, if the other Shareholders do not desire to purchase all of the Offered Shares, the Offering Shareholder shall have the right to transfer all of the Offered Shares to the prospective purchaser, provided however, that the Shares in the hands of the prospective purchaser sha'l

*Ex.1, p10 of 28*

remain subject to this Agreement and the prospective purchaser shall signify his consent to be bound by the terms of this Agreement by executing the signature page of this Agreement.

d)      No Shareholder may give notice of his desire to sell Shares under this Section while another Notice is pending under this Section, or following the occurrence of an event which is governed by some other provision of this Agreement.

4.   Purchase of Shares Upon Death of Shareholder.  In the event of the death of a Shareholder, his or her surviving spouse shall be entitled to succeed as owner of the deceased Shareholder's shares;  whether by Will, descent, or purchase from the deceased Shareholder's estate.  The surviving spouse of the Shareholder is hereby considered to be an acceptable owner of shares of stock in the Corporation.

a)      In the event the surviving spouse of a deceased Shareholder elects not to succeed as owner of the Shares or interest therein of the deceased Shareholder, within thirty days after such right to succeed accrues, the surviving Shareholders shall have the first right to purchase from the surviving spouse of the deceased Shareholder or the Personal Representative of the Estate of the deceased Shareholder, as the case may be, in accordance with the provisions of Section 3 of this Agreement. Any such deceased Shareholder's interest in shares which does not succeed to the surviving spouse or is not purchased by the surviving Shareholder's Estate and the Shareholder's estate shall sell to the Corporation all of the remaining shares and interest therein.

b)      The purchase price for the shares so purchased under this provision shall be the amount set forth in Section 7 hereof which said amount shall be paid as stated in Section 8 hereof.

c)      The closing for the sale of the shares purchased by Shareholders or the Corporation pursuant to this Section shall take the place at the principal office of the Corporation at a date designated by the Corporation which shall not be more than three (3) months nor less than thirty days following the date of the Shareholder's death.

d)      For the purposes of this Agreement, a person's interest in Shares, if not stated in terms of whole Shares in the operative instrument or document, shall be converted to the equivalent number of Whole Shares as appropriate under the circumstances, for purposes of determining the per Share price under this Agreement.

5.   Pledge or Encumbrance of Stock.  If a Shareholder desires to pledge or encumber as collateral for a loan or otherwise, he may do so only with the written consent of the holders of a majority of the Shares subject to this Agreement (including

Ex. 1, P. 11 of 28

himself) and of the Corporation. Regardless of such consent the encumbered Shares shall continue to be fully subject to the terms, conditions and restrictions of this Agreement in the hands of any pledge and regardless of any security interest held by anyone with respect to the Shares. The pledge or encumbrance of shares without such consent, or the involuntary encumbrance or transfer by judicial process or otherwise of any Shares or interest therein, shall vest in the other Shareholders and the Corporation, the rights and obligations to purchase such Shares in the same manner, and governed by the same procedure, as set forth in Section 3, hereof, to the extent applicable, except that the purchase price for such Shares shall be the amount set forth in Section 7 hereof which amount shall be paid as set forth in Section 8 hereof.

6.   <u>Purported Transfers of Stock</u>. In the event of any purported transfer of Shares or interest therein in violation of this Agreement, the Corporation shall purchase the Shares or the interest therein sought to be transferred, upon the terms and conditions stated herein. Any Shareholder or executive officer of the Corporation acquiring actual knowledge of any such event, transaction or occurrence shall notify the Corporation, which shall forthwith notify each Shareholder hereof.

7.   <u>Purchase Price</u>. The per share purchase price of the Shares to be purchased and sold pursuant to this Agreement shall be determined annually by the Shareholders and the Corporation within thirty days following the close of the taxable year of the Corporation. The Agreement of the Shareholders and the Corporation as to the per share purchase price of the Shares to be purchased and sold pursuant to this Agreement shall be evidenced by the execution by the Shareholders and their spouses and by the Corporation of a Certificate of Valuation attached hereto as Exhibit "A". Said Certificate shall be valid for a period of thirteen consecutive months commencing with the date of execution of the Certificate and shall be determinative of the price to be paid for the Shares of each Shareholder purchased during said period pursuant to this Agreement unless superseded by a subsequent Certificate of Valuation. In the event that no Certificate of Valuation has been executed by the Shareholders, their spouses, and the Corporation within the thirteen month period immediately preceding a purchase and sale of the Shares pursuant to this Agreement, then the purchase price of the Shares of each Shareholder to be purchased and sold pursuant to this Agreement shall be the book value of such Shares as determined by the Corporation's account in accordance with generally accepted principles of accounting, provided, however, that in determining the book value of the Shares no consideration shall be given to goodwill.

8.   <u>Payment of Purchase Price</u>. The purchase price of Shares purchased and sold pursuant to this Agreement, or the entire purchase price for the Shares purchased and sold pursuant to this Agreement, shall be satisfied by a cash payment to the Shareholder at the time of closing in the amount of at least twenty percent of the

Ex. 1 p. 12 & 26

purchase price, and the execution of a promissory note by the purchaser as maker (secured by the Shares sold), to the Shareholder, as payee, in the amount of the remaining balance of the purchase price of the Shares purchased by the purchaser. The promissory note shall be payable in forty-eight equal, monthly installments, the first of such installments payable one month from the date of closing, and the remaining installments successively monthly thereafter. The promissory note shall bear simple interest at a rate equal to ten percent per annum. The promissory note shall provide that the maker shall have the privilege of pre-paying all or any part thereof at any time with interest to date of prepayment, that a default in any payment when due shall cause the remaining balance plus accrued interest to become due and payable forthwith, and shall provide for the maker to pay all costs and expenses of collection, including a reasonable attorney's fee. If the Corporation shall receive any proceeds of any insurance policy on the life of a deceased Shareholder, the portion of such proceeds not in excess of the purchase price for Shares purchased and sold pursuant to this Agreement shall be paid by the Corporation to the deceased Shareholder's personal representative.

9.   Insufficient Corporate Surplus.   If the Corporation does not have sufficient corporate surplus to permit it lawfully to purchase the Shares of a Shareholder pursuant to this Agreement, the Shareholder or his personal representative, and the remaining Shareholders, shall promptly take such measures to vote their respective Shares to reduce the capital of the Corporation, or to take such other steps as may be appropriate or necessary in order to enable the Corporation lawfully to purchase and pay for all of the Shareholder's Shares, including by way of illustration and not by way of limitation, an up-to-date appraisal of the assets of the Corporation.

10.  Shares Subject to Agreement.  All Shares and interests in Shares owned, claimed or deemed to be owned by the spouse of a Shareholder shall for all purposes of this Agreement be included in, deemed part of and bound by the same terms hereof as the Shares of which the Shareholder himself  is the owner; and any action taken, offer made, or option exercised hereunder with reference to Shares owned by a Shareholder shall be applicable to the Shares deemed to be owned by the spouse of a Shareholder or as to his or her undivided interest in and to the Shares owned by the Shareholder.

11   Purchase and Delivery of Shares.   Whenever a Shareholder and/or the Corporation purchases Shares pursuant to this agreement, the Corporation and each Shareholder or his successor in interest or personal representative of any deceased Shareholder shall do all things and execute and deliver all papers as may be necessary to consummate such purchase and sale.

12.  Endorsement and Legend on Stock Certificates. Each certificate representing any shares of the capital stock of the Corporation now or hereafter held by the

Ex.1 ps.13 428

Shareholders shall be legend on the face side thereof in substantially the following form:

"Transfer subject to restrictions in the Shareholders Agreement."

Additionally, each certificate representing any shares of the capital stock of the Corporation now or hereafter held by the Shareholders shall be legend on the reverse side thereof in substantially the following form:

"The shares of stock represented by this certificate are subject to a Shareholders Agreement dated the 19th day of January, 1995, a copy of which is on file at the principal office of the Corporation, and such shares may not be sold, transferred, assigned, pledged, hypothecated or otherwise disposed of except in strict accordance with the terms of this Agreement, a copy of which will be furnished without charge to the holder of this certificate upon receipt by the Corporation, at its principal place of business or registered office, of a written request from the holder."

13.   Notice.  Any notice or other communication under this Agreement shall be given in writing by certified mail, return receipt requested, address to the Shareholders at their address as shown on the Corporation's stock records, and to the Corporation at: c/o Beatriz M. Caldirola, 175 Fontainbleau Boulevard, Suite 2J4, Miami, Florida 33172-4511.

14.   Termination.  This Agreement shall terminate upon the first to occur of any of the following events:

   a)   Bankruptcy, permanent receivership or dissolution of the Corporation.

   b)   At such time as there is only one Shareholder whose shares are subject to this Agreement.

   c)   Voluntary agreement of the parties hereto.

      If this Agreement is terminated by virtue of the occurrence stated in Paragraphs b or c of this Section, the Secretary of the Corporation shall, upon receipt of the certificates of stock, delete the legend endorsed thereon, pursuant to Section 12 hereof.

15.   Fractional Shares.  No fraction of a Share shall be the subject of a transaction under this Agreement, except in connection with the transfer of all of a Shareholder's shares.

16.   Admission of Additional Shareholders.  No individual or entity shall become a Shareholder of the Corporation until such individual or entity signifies his or its acceptance of terms of this Agreement, and agrees to be bound thereby, by executing the signature page of this Agreement.

Ex. 1, pg 14 of 28

# GENERAL PROVISIONS

## SPECIFIC PERFORMANCE

The parties hereby declare that it is impossible to measure in money the damages which will accrue to a party hereto or to the personal representative of a deceased Shareholder by reason of a failure to perform any of the obligations under this Agreement. Therefore, if any party hereto or the personal representatives of a deceased Shareholder institutes any action or proceeding to enforce the provisions hereof, any person (including the Corporation) against whom such action or proceeding is brought hereby waives the claim or defense therein that such party or such personal representative has or have an adequate remedy at law, and such person shall not urge in any such action or proceeding the claim or defense that such remedy at law exists. Furthermore, the parties agree that the shares of stock of the Corporation cannot be readily purchased, sold, or evaluated in the open market, that they have a unique and special value, and that the Corporation would be irreparably damaged if the terms of this Agreement were not capable of being specifically enforced. For this reason the parties agree that the right or obligation to purchase or sell any Shares in accordance with the terms of this Agreement shall be specifically enforceable. The Shareholders further agree that any sale or disposition, whether an involuntary transfer or transfer by operation of law, that does not strictly comply with the terms and conditions of this Agreement may be specifically restrained, and that such equitable relief provided therein shall not in any way limit on terms any other remedy at law that the Corporation or Shareholder might otherwise have.

## INUREMENT, SUCCESSORS AND ASSIGNS

Subject to the restrictions against transfer or assignment contained in this Agreement, the provisions of this Agreement shall inure to the benefit of and shall be binding upon the assigns, successors in interest, personal representatives, estates, heirs, and legatees of each of the parties; and the Shares shall remain subject to this Agreement in the hands of any transferee, assignee, done, pledgee, or any other successor in interest. Each individual Shareholder agrees to insert in his or her Will a direction and authorization to his or her personal representative to fulfill and comply with this Agreement and to sell the shares in accordance with it, however the failure of any Shareholder to place such a provision in his/her Will shall not in any way affect the enforceability or validity of this Agreement. Each Shareholder agrees that he or she will not hypothecate or otherwise create or suffer to exist any lien, claim, or encumbrance upon any of his shares at any time subject hereto, other than the encumbrance created by or an encumbrance permitted by this Agreement.

## FURTHER ASSURANCES

Whenever the Corporation or a Shareholder shall, pursuant to this Agreement, purchase shares of the Stock, each Shareholder and the personal representatives of any

*Ex. 1, pg. 15 of 28*

Decedent shall do all things, and execute and deliver all papers, necessary to consummate the purchase. Each party agrees to perform any further acts and to execute and deliver any further documents that may be reasonably necessary to carry out the provisions of this Agreement.

## SURVIVAL OF COVENANTS

Each covenant herein on the part of a Shareholder shall be construed as an agreement independent of any other provision of this Agreement, and the existence of any claim or cause of action of a Shareholder against the Corporation or the other Shareholders, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by the Corporation of such covenant.

## SEVERABILITY

If a court of competent jurisdiction determines that any one or more of the provisions contained in this Agreement is invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof all of which shall remain in full force and effect and the provision held to be void, illegal or unenforceable shall be limited so that it shall remain in effect to the extent permissible by law.

## CONSTRUCTION

Whenever used in this Agreement, the singular number shall include the plural, and the plural number shall include the singular, and use of any gender shall include all genders. The paragraph headings in this Agreement are for convenience only and shall not be used as an aid in the construction of any provision.

This Agreement shall be deemed to have been prepared by each of the parties, and there shall be no canon of construction applied to it for or against any party by reason of the preparation of the Agreement.

## GOVERNING LAW

This Agreement has been executed in, and shall be governed by and construed in accordance with, the laws of the State of Florida applicable to agreements made and to be performed wholly within this State. The venue for any cause of action that arises under or as a result of this Agreement shall be in a court of competent jurisdiction, in the County of Dade, State of Florida.

## AMENDMENT

This Agreement may be amended, modified, altered or terminated only by the written consent of all of the proper parties to the agreement at the time of the amendment, modification, alteration or termination.

*Ex. 1, p. 16 of 28*

This Agreement contains the entire understanding between the parties concerning the purchase and sale of the Shares and all other subject matters contained in the Agreement, and supersedes all prior representations, agreements, arrangements, or understandings, whether oral or written, between or among the parties relating to the subject matter of this Agreement, and all such prior representations, agreements, arrangements, or understandings which are not fully expressed in this Agreement are hereby terminated.

This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts collectively shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

HEMISPHONO INCORPORATED

_____
Jorge A. Jure, as its President

_____
Attest: Beatriz M. Caldirola, Secretary

_____
Beatriz M. Caldirola, Shareholder

_____

_____
Antonio Fernandez, Shareholder

Ex.1, p.17 of 28

CERTIFICATE OF VALUATION

HEMISPHONO INCORPORATED

Exhibit "A" To Shareholders Agreement

Redetermination of per Share value of the Corporation's Shares pursuant to Section 7 of the Shareholders Agreement dated the 19th day of January, 1995.

| Effective Date of Redetermination of Value | | Signature of the Corporation and Each Shareholder consenting to such Redetermined Value. | | Per Share Value as Redetermined |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

CHHBA1.DOC

E.1, B.189.28

# VOTING AGREEMENT OF HEMISPHONO INCORPORATED

This Agreement made and entered into as of the 19th day of January, 1995, between Beatriz Cardirola and Antonio Fernandez (hereinafter referred to individually as "Shareholder" and collectively as "Shareholders") the Shareholders of HEMISPHONO INCORPORATED, a Florida Corporation having its principal place of business in Miami, Florida (hereinafter "Corporation").

## WITNESSETH

WHEREAS, the Corporation, is a corporation organized under the laws of the State of Florida, and

WHEREAS, the Corporation is authorized to issue 1,000 shares of common stock without par value (hereinafter "Shares"), of which 500 Shares are now issued and outstanding; and

WHEREAS, the Shareholders wish by this Agreement, among other things, to provide certain restrictions on the issuance of the Shares now remaining unissued, and to make certain agreements with respect as to how the Shares held by the Shareholders shall be voted on certain matters, and

WHEREAS, the Shareholders have agreed that entering into this Agreement is in the best interest of the Corporation and will promote harmonious relationships between them with respect to the affairs and management of the Corporation.

NOW THEREFORE, in consideration of their mutual promises and agreements herein contained, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby mutually agree as follows:

1. *Recitals*.  The Corporation and the Shareholders hereby acknowledge that the above recitals are true and correct and accordingly incorporate them into this Agreement.

2. *Election of Directors*.  Each of the Shareholders agrees that so long as he or she holds any Shares he or she will vote all of his or her Shares in order to assure the election of the other Shareholder as Director of the Corporation unless any such Shareholder, before such election, has sold or otherwise disposed of any of his or her Shares of stock.

3. *Election of Officers*.  Each of the Shareholders agrees to vote all of their Shares for the election of each other as officers of the Corporation.

4. *Voting on Other Matters*.  Shareholders agree that:

   a)  on a proposal (whether or not made at a Shareholders meeting) to amend the Articles of Incorporation or Bylaws of the Corporation, to remove directors or officers, to issue Shares of stock, to elect directors other than each other, or to fill any vacancy on the board of directors or any newly

*Ex. 1, p. 19 of 28*

created directorship, they will both hold their Shares, or sign consents taking action on such proposal as they mutually agree; and

b) that failing agreement, each will vote against that proposal and will refuse to sign a consent to that proposal.

5. *Benefit*. This Agreement shall be binding upon and shall inure to the benefit of the parties to this Agreement, and their respective heirs, executors, administrators, legal representatives, and assigns.

6. *Applicable Law*. This Agreement has been executed in, and shall be governed by and construed in accordance with, the laws of the State of Florida applicable to agreements made and to be performed wholly within this State. The venue for any cause of action that arises under or as a result of this Agreement shall be in a court of competent jurisdiction, in the County of Dade, State of Florida.

7. *Modification*. No modification, rescission, cancellation, amendment, or termination of this Agreement shall be effective unless it is in writing and is signed by all Shareholders of the Corporation.

**IN WITNESS WHEREOF**, the parties have executed this Agreement, as of the date first above written.

Beatriz M. Caldirola, Shareholder

Antonio Fernandez, Shareholder

WOTAG DOC

Ex. 1, p. 20 of 28

## AGREEMENT AMONG SHAREHOLDERS OF
## HEMISPHONO INCORPORATED REGARDING THE
## TRANSFER OF SHARES TO MARIA DEL CARMEN PINO

This Agreement made and entered into as of the 23ᵈ day of August, 1995, between and among HEMISPHONO INCORPORATED, a Florida Corporation having its principal place of business in Miami, Florida (hereinafter "Corporation"); each of the shareholders of the Corporation and each of the shareholders of the Corporation who are signatories to this Agreement as a Shareholder, including were appropriate Maria Del Carmen Pino, (hereinafter referred to individually as "Shareholder" and collectively as "Shareholders"); and Maria Del Carmen Pino, individually.

### WITNESSETH

WHEREAS, the Corporation and the Shareholders have acknowledged and executed an AGREEMENT AMONG SHAREHOLDERS OF HEMISPHONO INCORPORATED, dated the 19th day of January, 1995, (hereinafter the "Shareholder Agreement") for the reason that the Shares are unregistered and their transfer is restricted and to establish a market for the Shares upon the occurrence of certain events; and

WHEREAS, the Corporation and the Shareholders wish to allow the sale and transfer of the shares of Antonio Fernandez to Maria Del Carmen Pino, under the terms, restrictions and conditions as herein set forth; and

WHEREAS, the Corporation, the Shareholders and Maria Del Carmen Pino believe that is in their best interests to provide for continuity and harmony in the Corporation's affairs, and believe this can be accomplished by imposing certain restrictions upon the transfer of the Shares.

NOW THEREFORE, in consideration of their mutual promises and agreements herein contained, and for good and valuable consideration, including the sale and transfer of shares to Maria Del Carmen Pino, the receipt and sufficiency of which is hereby acknowledged, and the corporate and personal benefits derived and to be derived by each party pursuant to this Agreement, the parties hereby mutually agree and bind themselves, their successors, estates, executors, administrators, heirs and assigns as follows:

1.  <u>Recitals</u>. The Corporation and the Shareholders hereby acknowledge that the above recitals are true and correct and accordingly incorporate them into this Agreement.

2.  <u>Shareholder Agreement</u>. Each and every party to this Agreement hereby acknowledges, reaffirms and agrees to be bound by the terms of the AGREEMENT AMONG SHAREHOLDERS OF HEMISPHONO INCORPORATED, dated the 19th day of January, 1995. Whenever there is a conflict, the terms of the Shareholder Agreement shall contrcl over the terms of this Agreement.

3.  <u>Voting Agreement</u>. Each and every party to this Agreement hereby acknowledges, reaffirms and agrees to be bound by the terns of the VOTING AGREEMENT OF

Ex.1 p.21 of 28

HEMISPHONO INCORPORATED, dated the 19th day of January, 1995 (herein "Voting Agreement").  Whenever there is a conflict, the terms of the Voting Agreement shall control over the terms of this Agreement .

4.    Incorporation by Reference: Since the parties to this Agreement acknowledge, reaffirm and agree to be bound by the terms of the Shareholder Agreement and the Voting Agreement, therefore any reference hereinafter to "the Agreement" shall include by such reference the Shareholder Agreement and the Voting Agreement.

5.    Conditions of Sale and Transfer of Shares.   The Corporation and the Shareholders have agreed to the sale and transfer of shares to Maria Del Carmen Pino only upon the terms of this Agreement including the following conditions:

a)    Maria Del Carmen Pino shall execute a Power of Attorney appointing Antonio Fernandez her true and lawful attorney, irrevocable for a period of five years, granting him full power to act in her place and stead for all matters dealing with the Corporation.

b)    Maria Del Carmen Pino shall execute a Proxy appointing Antonio Fernandez her true and lawful attorney, irrevocable for a period of five years, granting him full power to act in her place and stead for all matters dealing with the Corporation and her shares therein.

c)    Maria Del Carmen Pino shall execute an Option to Purchase Stock, granting Antonio Fernandez the irrevocable right for a period of five years, to purchase all her shares of stock in the Corporation at the price set forth pursuant to the terms of the Shareholder Agreement.

d)    Maria Del Carmen Pino shall execute an Option to Purchase Stock, granting the Corporation the irrevocable right for a period of five years, to purchase all her shares of stock in the Corporation at the price set forth pursuant to the terms of the Shareholder Agreement, in the event Antonio Fernandez is declared: dead, incapacitated, bankrupt, insane, or resigns, surrenders or is removed for any reason whatsoever as an officer and/or director of the Corporation.

e)    Maria Del Carmen Pino shall execute a Signature Addendum to the Shareholder Agreement and the Voting Agreement.

f)    Maria Del Carmen Pino shall have her spouse execute a Consent and Agreement, accepting the terms of this Agreement and of all agreements and documents referenced herein.

g)    In the event Maria Del Carmen Pino is not married or divorces, she shall have, prior to marring, her future spouse execute a Consent and Agreement, accepting the terms of this Agreement and of all agreements and documents referenced herein.

6.    Notice.  Any notice or other communication under this Agreement shall be given in writing by certified mail, return receipt requested, address to the Shareholders at their address as shown on the Corporation's stock records, and to the Corporation

Ex.1 pg. 22 q 28

direction and authorization to his or her personal representa...e to fulfill and comply with this Agreement and to sell the shares in accordance with it, however the failure of any Shareholder to place such a provision in his/her Will shall not in any way affect the enforceability or validity of this Agreement. Each Shareholder agrees that he or she will not hypothecate or otherwise create or suffer to exist any lien, claim, or encumbrance upon any of his shares at any time subject hereto, other than the encumbrance created by or an encumbrance permitted by this Agreement.

## FURTHER ASSURANCES

Each party agrees to perform any further acts and to execute and deliver any further documents that may be reasonably necessary to carry out the provisions of this Agreement.

## SURVIVAL OF COVENANTS

Each covenant herein on the part of a Shareholder shall be construed as an agreement independent of any other provision of this Agreement, and the existence of any claim or cause of action of a Shareholder against the Corporation or the other Shareholders, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by the Corporation of such covenant.

## SEVERABILITY

If a court of competent jurisdiction determines that any one or more of the provisions contained in this Agreement is invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions hereof all of which shall remain in full force and effect and the provision held to be void, illegal or unenforceable shall be limited so that it shall remain in effect to the extent permissible by law.

## CONSTRUCTION

Whenever used in this Agreement, the singular number shall include the plural, and the plural number shall include the singular, and use of any gender shall include all genders. The paragraph headings in this Agreement are for convenience only and shall not be used as an aid in the construction of any provision.

This Agreement shall be deemed to have been prepared by each of the parties, and there shall be no canon of construction applied to it for or against any party by reason of the preparation of the Agreement.

## GOVERNING LAW

This Agreement has been executed in, and shall be governed by and construed in accordance with, the laws of the State of Florida applicable to agreements made and to be performed wholly within this State. The venue for any cause of action that arises under or as a result of this Agreement shall be in a court of competent jurisdiction, in the County of Dade, State of Florida.

Ex. 1, P5·23 of 28

AMENDMENT

This Agreement may be amended, modified, altered or terminated only by the written consent of all of the proper parties to the agreement at the time of the amendment, modification, alteration or termination.

This Agreement contains the entire understanding between the parties concerning the sale and purchase of the Shares to and by Maria Del Carmen Pino, and all other subject matters contained in the Agreement, and supersedes all prior representations, agreements, arrangements, or understandings, whether oral or written, between or among the parties relating to the subject matter of this Agreement, and all such prior representations, agreements, arrangements, or understandings which are not fully expressed in this Agreement are hereby terminated.

This Agreement may be executed in several counterparts, each of which shall be deemed an original, and all such counterparts collectively shall constitute one and the same instrument.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

HEMISPHONO INCORPORATED

Jorge A. Jure, as its President

Attest: Beatriz M. Caldirola, Secretary

Beatriz M. Caldirola, Shareholder

Antonio Fernandez, Outgoing Shareholder

Maria Del Carmen Pino, Individually and as Incoming Shareholder

Page 5 of 5

Ex.1/15·24 of 28

# POWER OF ATTORNEY

BE IT KNOWN, that MARIA DEL CARMEN PINO has made and appointed, and by these presents does make and appoint ANTONIO FERNANDEZ true and lawful attorney for him and in his name, place and stead for any and all purposes and in connection with any and all matters whatsoever, including without limitation, to execute, acknowledge, sign and deliver contracts, mortgages, deeds, leases, options, bills of sale, notes, closing statements, receipts, drafts, checks, letters, releases, satisfactions, discharges, bank resolutions, affidavits, licenses, permits, and other documents, instruments or agreements of any kind in connection with, arising from, or relating to HEMISPHONO INCORPORATED, a Florida Corporation, giving and granting unto said attorney full power and authority to do and perform all and every act and thing whatsoever necessary to be done in and about the premises as fully, to all intents and purposes, as might or could be done if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF, the party of the first part has signed and sealed and delivered these presents this _12_ day of August, A.D. 1995.

By: _____
MARIA DEL CARMEN PINO, individually and as
a Shareholder of HEMISPHONO INCORPORATED,
a Florida Corporation.

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

I HEREBY CERTIFY that the foregoing Power of Attorney was acknowledged before me on the date first above written, by MARIA DEL CARMEN PINO, individually and as a Shareholder of HEMISPHONO INCORPORATED, a Florida Corporation. She personally appeared before me at the time of notarization, and produced a driver's license as identification and did not take an oath.

_____
My commission exp. 6/4/96
NOTARY PUBLIC

This instrument prepared by:
    Albert D. Rey, Esq.
Record and return to:
    Albert D. Rey, P.A.
    P.O. Box 526164
    MIAMI, FL 33152-6164

Ex. 1, pg. 23 of 28

# OPTION TO PURCHASE STOCK

BE IT KNOWN, that MARIA DEL CARMEN PINO (hereinafter Optionor) has made and appointed, in consideration of ten dollars paid by ANTONIO FERNANDEZ (hereinafter Optionee), the receipt and sufficiency of which are hereby acknowledged for myself, my heirs, executors, administrators, and assigns agrees to sell and convey to said Optionee or his assigns for the consideration hereinafter mentioned the following described property:

Two Hundred Fifty Shares of Common Stock of Hemisphono Incorporated, a Florida Corporation.

The total consideration to be paid by the OPTIONEE or his/her assigns at time of purchase is determined by the AGREEMENT AMONG SHAREHOLDERS OF HEMISPHONO INCORPORATED, dated the 19th day of January, 1995, in particular Section 7.

This option may be accepted by the Optionee or his assigns within five years from the date hereof by written notice to that effect.  Conveyance shall be made within ten days after such acceptance by an assignment of shares conveying clear title to such shares free of all encumbrances. All notices, tenders, and deliveries hereunder shall be served and made, at the office of Hemisphono Incorporated, 175 Fontainebleau Boulevard, Suite 2J4, Miami, Florida 33172-4511.

It is agreed that if Optionee or his assigns fails to accept this option within the time above mentioned, or shall after such acceptance fail to pay the aforementioned consideration, at the time and place and in accordance with the consideration terms and conditions hereinbefore mentioned, the Optionee or his assigns shall forfeit the said sum of ten dollars paid to Optionor as hereinbefore acknowledged.

IN WITNESS WHEREOF, the OPTIONOR has signed and sealed and delivered these presents this 12 day of August, A.D. 1995.

By: _____
MARIA DEL CARMEN PINO, individually and as
a Shareholder of HEMISPHONO INCORPORATED,
a Florida Corporation.

STATE OF CALIFORNIA

COUNTY OF Los Angeles

I HEREBY CERTIFY that the foregoing Option to Purchase Stock was acknowledged before me on the date first above written, by MARIA DEL CARMEN PINO, individually and as a Shareholder of HEMISPHONO INCORPORATED, a Florida Corporation. She personally appeared before me at the time of notarization, and produced a driver's license as identification and did not take an oath.

This instrument prepared by:
Albert D. Rey, Esq.
Record and return to:
Albert D. Rey, P.A.
P.O. Box 526164
MIAMI, FL 33152-6164

_____
COMMISION EXP. 6/4/96
NOTARY PUBLIC

JOE DOVARRO
COMM. #967157
Notary Public-California
LOS ANGELES COUNTY
My comm. expires JUN 04, 1996

Ex. 1, 8 26 of 28

# PROXY

I, MARIA DEL CARMEN PINO, being the owner of shares of capital stock of HEMISPHONO INCORPORATED, a corporation organized and existing under the laws of the State of Florida with its principal place of business at 176 Fontainebleau Boulevard, Suite 2J4, City of Miami, County of Dade, State of Florida, constitute and appoint ANTONIO FERNANDEZ, my true and lawful attorney, for me and in my name, place and stead, with full power of substitution, for a period of five (5) years from the date of this Proxy, to vote as my proxy all my shares in the corporation, at any and all meetings, regular or special, of which the shareholders of the corporation, or any adjournments which may be held during the period of five (5) years, giving and granting to my attorney all the powers the undersigned would possess if personally present.  This Proxy is not revocable, by me or anyone else, during the said five (5) year period.

I revoke all proxies previously made by me.

DATED this _12_ day of August, 1995.

_____          _____
                                          MARIA DEL CARMEN PINO

STATE OF CALIFORNIA
COUNTY OF _Los Angeles_

I HEREBY CERTIFY that the foregoing Proxy was acknowledged before me the day and year first above written, by MARIA DEL CARMEN PINO whom personally appeared before me at the time of notarization, produced a driver's license as identification and took an oath.

_____   My Commission exp 6/4/96
NOTARY PUBLIC

Ex. 1, pg. 27 of 28

# OPTION TO PURCHASE STOCK

BE IT KNOWN, that MARIA DEL CARMEN PINO (hereinafter OPTIONOR) has made and appointed, in consideration of ten dollars paid by HEMISPHONO INCORPORATED, a Florida Corporation, (hereinafter OPTIONEE), the receipt and sufficiency of which are hereby acknowledged for myself, my heirs, executors, administrators, and assigns agrees to sell and convey to said OPTIONEE or his assigns for the consideration hereinafter mentioned the following described property:

Two Hundred Fifty Shares of Common Stock of Hemisphono Incorporated, a Florida Corporation.

The total consideration to be paid by the OPTIONEE or his/her assigns at time of purchase is determined by the AGREEMENT AMONG SHAREHOLDERS OF HEMISPHONO INCORPORATED, dated the 19th day of January, 1995, in particular Section 7.

This option may be accepted by the OPTIONEE or his assigns within five years from the date hereof, in the event Antonio Fernandez is declared: dead, incapacitated, bankrupt, insane, or resigns, surrenders or is removed for any reason whatsoever as an officer and/or director of the Corporation, by written notice to that effect. Conveyance shall be made within ten days after such acceptance by an assignment of shares conveying clear title to such shares free of all encumbrances. All notices, tenders, and deliveries hereunder shall be served and made, at the office of Hemisphono Incorporated, 175 Fontainebleau Boulevard, Suite 2J4, Miami, Florida 33172-4511.

It is agreed that if OPTIONEE or his assigns fails to accept this option within the time above mentioned, or shall after such acceptance fail to pay the aforementioned consideration, at the time and place and in accordance with the consideration terms and conditions hereinbefore mentioned, the OPTIONEE or his assigns shall forfeit the said sum of ten dollars paid to OPTIONOR as hereinbefore acknowledged.

IN WITNESS WHEREOF, the OPTIONOR has signed and sealed and delivered these presents this _12_ day of August, A.D. 1995.

By: _____
MARIA DEL CARMEN PINO, individually and as
a Shareholder of HEMISPHONO INCORPORATED,
a Florida Corporation.

STATE OF CALIFORNIA

COUNTY OF Los Angeles

I HEREBY CERTIFY that the foregoing Option to Purchase Stock was acknowledged before me on the date first above written, by MARIA DEL CARMEN PINO, individually and as a Shareholder of HEMISPHONO INCORPORATED, a Florida Corporation. She personally appeared before me at the time of notarization, and produced a driver's license as identification and did not take an oath.

_____
MY COMMISSION EXPIRES 5/4/96
NOTARY PUBLIC

This instrument prepared by:
Albert D. Rey, Esq.
Record and return to:
Albert D. Rey, P.A.
P.O. Box 526164
MIAMI, FL 33152-6164

Ex.1, p.26 y 26

## DECLARATION OF SERVICE BY MAIL

(U.S. District Court, Southern District of Florida)

LAZARO FERNANDEZ, the undersigned, hereby declares:

Declarant is a citizen of the United States and is employed by Gonzalez & Fernandez, a Limited Liability Partnership, 445 South Figueroa Street, 26th Floor, Los Angeles, California 90071. Declarant is over the age of 18 years and not a party to the within action.   On June 20, 1997, Declarant, a member of the Florida Bar served the within **NOTICE OF REMOVAL** on the interested party in this matter by mailing, with postage thereon fully prepaid, a true copy thereof to said party at his known address, to wit;

Plaintiff's Counsel
Juan J. Rodriguez, Esq.
Mesa, Rodriguez & Machado, P.A.
1000 Brickell Avenue, Suite 660
Miami, Fl 33131


I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California on June 20,1997.

LAZARO FERNANDEZ

## CIVIL COVER SHEET

# CIV - GRAHAM

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CALDIROLA, BEATRIZ

**DEFENDANTS**

FERNANDEZ, ANTONIO
PINO, MARIA DEL CARMEN

**MAGISTRATE JUDGE TURNOFF**

97 - 1938

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT LOS ANGELES
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) (305)
Juan S. Rodriguez, Esq.   377-1000
Mesa, Rodriguez & Machado, P.A.
1000 Brickell Ave., Miami, Fl 33131

ATTORNEYS (IF KNOWN)   Rosendo Gonzalez, Esq.
Gonzalez & Fernandez   (213) 612-7740
A Limited Partnership
445 S. Figueroa St #2600
Los Angeles, Ca 90071-1630

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

ALL DEFENDANTS RESIDE IN CALIFORNIA

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MATTER IS REMOVED PURSUANT TO 28 U.S.C. 1446. DIVERSITY OF CITIZENSHIP INVOKED PURSUANT TO 28 U.S.C. 1332. AT ISSUE IS A CORPORATE DISPUTE.

IVa. 5-7 days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ N/A

JURY DEMAND: ☒ YES ☐ NO
Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE JUNE 23, 1997

SIGNATURE OF ATTORNEY OF RECORD
Rosendo E. Fernandez (Fl. State Bar #938157)

FOR OFFICE USE ONLY: Receipt No. _____ Amount: $150.00

06/23/97

UNITED STATES DISTRICT COURT
(R 1-)